



U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N W*
*Washington, D C  20530*

April 30, 2014

Gregory S. Smith, Esq.
1627 I Street, N.W., Suite 1100
Washington, D.C. 20006

Re: **U.S. v. Jonathan Marshall**
**Criminal No. 13-200-14 (RWR)**

Dear Attorney Smith:

This letter sets forth the full and complete plea offer to your client, Jonathan Marshall (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

1.  Your client, Jonathan Marshall, agrees to admit guilt and enter a plea of guilty to a Criminal Information charging Conspiracy to Distribute and Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Your client understands that pursuant to 21 U.S.C. § 841(b)(1)(C), the charge carries a penalty of not more than 20 years in custody, a fine not to exceed the greater of that authorized by Title 18 of the United States Code or $1,000,000, and, consistent with 18 U.S.C. § 3583(b)(2), a period of three years' supervised release is required. Your client also understands that he has an obligation to pay any applicable interest or penalties on fines and restitution not timely made. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Furthermore, your client understands that, if your client has

two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and/or provisions of the Sentencing Guidelines.

2. Your client agrees that the attached "Statement of the Offense" (Proffer of Evidence) fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that, prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3. In consideration of your client's guilty plea to the above offense(s), your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. Furthermore, after the entry of your client's plea of guilty to the offense(s) identified in paragraph one (1) above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this Agreement and about which the United States Attorney's Office for the District of Columbia was made aware by your client prior to the execution of this Agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this Agreement.

4. **Sentencing Guidelines Analysis**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies promulgated by the United States Sentencing Commission, *Guidelines Manual* (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

A. **Estimated Offense Level Under the Guidelines**

Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for at least 50 grams of a mixture or substance containing a detectable amount of heroin. This quantity of the illegal narcotic represents the total amount of controlled substances involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by your client's co-conspirators pursuant to jointly undertaken criminal activity that was reasonably foreseeable by your client and within the scope of his conspiratorial agreements.

The parties agree that the following Sentencing Guidelines sections apply:

§ 2D1.1 - At least 50 grams of heroin - Base offense level 20.

§ 3B1.2 - Mitigating Role in the Offense: 3-level decrease. The Government agrees that the defendant can receive a three (3) level decrease in his base offense level for a mitigating role in the offense.

§ 3E1.1 - Acceptance of Responsibility: 3-level reduction. The Government agrees that a 2-level reduction would be appropriate, provided that your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Additionally, nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

The parties also agree that the defendant can seek, and the Government can oppose, a downward departure or reduction under the Sentencing Guidelines as follows:

§ 5H1.4 – Physical Condition/Impairment: 2-level reduction.

In accordance with the above, the applicable Guidelines Offense Level will be at least 12, but not more than 14.

### B. Estimated Criminal History Category

Based upon the information currently available to this Office (including the Pre-Plea Criminal History Calculation and representations by the defense), it appears that your client has the following prior convictions for Sentencing Guideline purposes: (1) an October 2012 Maryland conviction for Exploitation of a Vulnerable Adult for which the defendant received a sentence of 15 years' custody, all of which was suspended except for 4 years' custody, and a term of 5 years' supervised probation was imposed; (2) an October 2012 Maryland conviction for Acting as a Contractor without a License for which he received a sentence of 30 days' incarceration; (3) a May 2012 Virginia conviction for Driving with Improper Control for which he received a $100 fine; (4) a May 2012 Virginia conviction for Driving without a License for which he received 90 days' custody, 80 days of which was suspended and 12 months of unsupervised probation was imposed; (5) a March 2011 Virginia conviction for Driving without a License for which he received 30 days' custody, all of which was suspended for a $200 fine;

(6) a September 2010 Virginia conviction for Driving with a Suspended License for which he received 30 days' custody, all of which was suspended for a $200 fine; (7) a September 2010 Virginia conviction for Speeding for which he received a $54 fine; (8) a November 2008 Virginia conviction for Petit Larceny for which he received a sentence of 12 months' custody, all of which was suspended, for a term of supervised probation; (9) a February 2007 Virginia conviction for a No Seat Belt violation for which he received a $25 fine; (10) a February 2007 Virginia conviction for Driving with a Suspended License violation for which he received a 30 day suspended sentence and 12 months of unsupervised probation; (11) a December 2006 Virginia conviction for Possession of a Controlled Substance which he received a sentence of 30 days' custody, 22 days of which was suspended; (12) an October 2006 Virginia conviction for Possession of Drug Paraphernalia for which he received a $200 fine; (13) a February 2006 Virginia conviction for Driving on a Suspended License for which he received 30 days' custody, 20 days of which was suspended; (14) June 2005 Virginia convictions for Driving a Car without a License and Hearing on Violation for which he received a $200 and $50 fine, respectively; (15) an August 2003 Virginia conviction for Speeding to Elude Police for which he received a sentence of 20 months' custody, 11 months of which was suspended and a one year term of supervised probation was imposed; and (16) a June 2001 Maryland conviction for Driving Under the Influence of Alcohol for which he received an unknown sentence. Based on this information, we believe your client has seven (7) Criminal History Points and a Criminal History Category Score of IV for sentencing computation purposes.

### C.   Estimated Applicable Guidelines Range

Based upon the agreed total offense levels set forth above, and with consideration of the three-level adjustments for both role in the offense and acceptance of responsibility, your client's estimated Sentencing Guidelines range is 27 to 33 months' custody based upon an adjusted offense level of 14, or 21 to 27 months' custody based upon an adjusted offense level of 12. Additionally, the government, consistent with the United States Attorney General's March 2014 Proposal to the Sentencing Commission and Congress concerning revisions to the Drug Quantity Table, will agree to recommend a sentence to the Court with an additional two-level variance in the guideline range, that is, a guideline range of 21 to 27 months' custody, which equates with an adjusted offense level of 12, if the Court finds that the defendant has an adjusted offense level of 14. Moreover, the government will agree to recommend a guideline range of 15 to 21 months' custody, which equates with an adjusted offense level of 10, if the Court finds that the defendant has an adjusted offense level of 12. Additionally, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine at Guidelines levels 14, 12, or 10, the estimated potential applicable fine ranges are $4,000 to $40,000, $3,000 to $30,000, or $2,000 to $20,000, respectively. Furthermore, the parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range or Ranges set forth above is warranted, except for any consideration the Court might give to the defendant with respect to § 5H1.4 and the Attorney General's recommendation concerning an additional two-level variance in offense levels for commission of drug offenses. Your client further agrees that should the Court impose a two-level variance in your client's base offense level in consideration of the Attorney General's

4

recommendation, your client will not later seek a further reduced sentence, pursuant to 18 U.S.C. § 3582(c), on the basis of the two-level variance in the event that the variance is adopted and made retroactive by the Sentencing Commission. Accordingly, except as provided above and in paragraph 5 below, neither party will seek any departure or adjustment to the Estimated Guidelines Range or Ranges, nor will either party suggest that the Court consider such a departure or adjustment. Moreover, your client understands and acknowledges that the Estimated Guidelines Range or Ranges agreed to by the parties is not binding on the Probation Office or the Court. Should the Court determine that a different guidelines range or ranges are applicable, your client will not be permitted to withdraw your client's guilty plea on that basis. Furthermore, your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

5. The parties further agree that a sentence within the Estimated Guidelines Range, with any additional consideration the Court might give to the defendant with respect to the Attorney General's March 2014 Proposal concerning revisions to the Drug Quantity Table, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, your client reserves the right to seek a sentence below the Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a), and the Government reserves the right to seek a sentence above the Estimated Guidelines Range based on § 3553(a) factors.

6. Your client understands that the Government reserves the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty. The Government also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any agreements contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court. In addition, if in this Agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), and upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing; however, the Government agrees to recommend that any term of custody imposed by the Court at sentencing be concurrent to any term or sentence of custody your client is already serving in another case and will not object to any federal sentence imposed in this case being served, in whole or in part, at a state correctional facility. The Government will also agree to recommend to the Court that the Court give your client a sentence or term of custody that allows him to receive credit for any period of detention or term of custody that he received in the instant case while serving a sentence in another jurisdiction. Your client also understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court. Additionally, your client acknowledges that your client's entry of a guilty plea to the charged offense(s) authorizes the Court to impose any sentence up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation. Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

8. Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community. Your client also agrees that any violation of your client's release conditions or any misconduct by your client may result in the Government filing an <u>ex parte</u> motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentencing in your client's case.

9. **Waivers**

   A. **Waiver of Venue**

Your client waives any challenge to venue in the District of Columbia.

B. **Waiver of Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

C. **Waiver of Trial Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination. Additionally, your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it. Your client waives any right to claim that statements made before or after the date of this Agreement, including the Statement of Offense accompanying this Agreement, can be excluded under Rule 410 and Rule 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law. Furthermore, your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

D. **Waiver of Appeal Rights**

Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client agrees to waive the right to appeal the sentence in this case, including any term of imprisonment, fine, forfeiture, award of restitution, term of supervised release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court, in which case your client would have the right to appeal the illegal sentence or above-guidelines sentence, but not to raise on appeal other issues regarding the sentencing. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

E. **Waiver of Collateral Attack**

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel in entering into this Agreement.

F. **Waiver of Privacy Act and FOIA Rights**

Your client also agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including and without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

10. **Forfeiture**

(a) Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Criminal Information to which your client is pleading guilty. Specifically, your client agrees to the forfeiture of a money judgment in the amount of $4,500.00. Your client will be jointly and severally liable with co-defendants in the underlying matter.

(b) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court may enter a Consent Order of Forfeiture for this property at the time of your client's guilty plea or at any time before sentencing. Your client agrees that this Order will become final as to your client

when it is issued and will be a part of the sentence pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

(c) Your client agrees that this plea agreement permits the government to seek to forfeit any of your client's assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies the asset. Regarding any asset or property, your client agrees to forfeiture of all interest in: (1) any and all property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of the violation to which he is pleading guilty; (2) any of your client's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; (3) any substitute assets for property otherwise subject to forfeiture. See 21 United States Code § 853.

(d) Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture your client has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

(e) Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since January 2012, or in which your client has or had during that time any financial interest. Your client will complete and provide to the undersigned Assistant United States Attorney a standard financial disclosure form, which has been provided to you with this plea agreement, within 10 days of the execution of this plea agreement. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(f) Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

11. Your client understands and agrees that any restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate

in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments. Additionally, your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein. Your client also certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

12. This Office will file the above-mentioned Criminal Information with the United States District Court for the District of Columbia for the purpose of your client entering a plea of guilty to the charge contained therein and will dismiss the pending indictment in Criminal Case Number CR: 13-200-14 (RWR) against your client only at the time of sentencing. Your client, however, agrees and acknowledges that the charge or charges to be dismissed at the time of sentencing were based in fact.

13. Your client agrees that if an interpreter is required to assist your client in translating this Agreement into your client's native language, then your client agrees to request the Court, pursuant to "The Court Interpreter's Act," 28 U.S.C. § 1827, to secure the services of a certified interpreter at the Court's expense to verbally translate this Agreement and related documents for your client into your client's native language. If no such request is made, then your client hereby declares that your client understands the English language sufficiently well to read and understand this Agreement, or that this Agreement has been read to your client in your client's native language and that your client therefore understands this Agreement.

14. Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Additionally, your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement. Furthermore, nothing in this Agreement shall be construed

to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

15. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind the U.S. Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security, and any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client. Additionally, your client is believed to be a citizen of the United States. However, if your client is not a citizen of the United States, your client understands that a guilty plea in this case will or might subject your client to detention, deportation and other sanctions at the direction of the Bureau of Immigration and Customs Enforcement.

16. No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. BAR No. 447889

By: KENNETH F. WHITTED
Assistant United States Attorney
D.C. BAR No. 430346
555 4th Street, N.W., Suite #4820
Washington, D.C. 20530
(202) 252-7722

11

## DEFENDANT'S ACCEPTANCE

I have read this 12-page plea agreement and have discussed it with my attorney, Gregory Smith, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 5-14-14

JONATHAN MARSHALL
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 5-14-14

GREGORY SMITH, ESQUIRE
Attorney for the Defendant