UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIMINAL NO. 13-200-14 (RWR) |
| JONATHAN MARSHALL, : | |
| : | |
| Defendant. : | |
| _____ : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through the United States Attorney for the District of Columbia, hereby submits this memorandum in aid of sentencing and relies on any additional factual points and legal authorities provided at the defendant's hearing concerning this matter:

## BACKGROUND

In October 2013, Defendant Jonathan Marshall was arrested pursuant to a federal Indictment charging Mr. Marshall, along with sixteen other individuals, with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances within the Washington, D.C., metropolitan area. The Indictment was the culmination of an extensive criminal investigation, which ultimately identified Jermaine Washington, also known as "Dutch" and "Face," and Aaron Vaughn, also known as "AV," as the principal suppliers or participants in the conspiracy. During the Government's investigation, and specifically during July 2012, a judicially authorized wiretap captured Defendant Marshall's co-conspirators engaging in conversations with Mr. Washington related to illegal drug activity. Based in large part upon these conversations with Mr. Washington, on July 24, 2012, Defendant Marshall ultimately obtained approximately seven grams of heroin from Mr. Washington, and this heroin was seized

from Mr. Marshall's possession by law enforcement during a traffic stop which occurred just outside the District of Columbia on the 495 beltway in Prince George's County, Maryland.  Co-defendants Sandra Settle and Joshua Brown were with Mr. Marshall for this July 2012 drug transaction with Mr. Washington.

On May 14, 2014, Defendant Marshall pled guilty to a one-count Superseding Information charging him with Conspiracy to Distribute and Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. Sections 846, 841(a)(1), and 841(b)(1)(C).  As a part of Mr. Marshall's guilty plea, he acknowledged, among other things, that between in or about January 2012 and July 2012, he knowingly and intentionally conspired to obtain and redistribute, or obtained and redistributed, at least 50 grams of heroin.  He also acknowledged that it was reasonably foreseeable during the conspiracy that he and/or his co-conspirators would have used, received, or earned at least $4,500 in cash proceeds derived from, or related to, illegal drug activity.

Defendant Marshall is scheduled for sentencing on Monday, August 25, 2014.

## SENTENCING RECOMMENDATION

At the outset, the Government notes that we do not have any objections to the Department of Probation's calculations outlined in Defendant Jonathan Marshall's final, July 29, 2014, presentence report.  These calculations, which relate to the defendant's criminal history and sentencing guidelines calculations, provide for a Criminal History Category Score of IV, a total offense level of 14, and a guideline imprisonment range of 27 to 33 months' custody.[1]  However, in this instance the government also requests, as noted in paragraphs 164 and 165 of

---

[1] The Federal Sentencing Guidelines are only advisory in nature with respect to its sentencing recommendations.  *United States v. Booker*, 543 U.S. 220, 245 (2005); *United States v. Legg*, 713 F.3d 1129, 1133 (D.C. Cir. 2013).

the defendant's final presentence report, that the defendant's total offense level be reduced to 13 and that this Court accept a guideline range of 24 to 30 months' custody consistent with proposed changes to the Drug Quantity Table (Section 2D1.1 of the Guidelines), which become effective in November 2014. As such, and in accordance with the findings detailed in the defendant's presentence report, the Government submits that a sentence of 27 months' custody (with credit for time served) and 100 hours of community service to be completed during a term of three years' supervised release is an appropriate sentence for Defendant Marshall. Alternatively, and assuming that the Court – over the government's objection at this point – grants the defendant a two-level variance in his guidelines range related to § 5H1.4 (Physical Condition/Impairment) of the Guidelines, the government submits that a sentence of 21 months' custody (with credit for time served) and 100 hours of community service to be completed during a term of three years' supervised release would be an appropriate sentence for Defendant Marshall.[2] In making this recommendation, the government has considered several factors.[3] First, we note that Defendant Marshall has an extensive criminal record, which includes October

---

[2] This 21-month recommendation assumes adjustments to the defendant's guidelines range consistent with proposed changes to the Drug Quantity Table and a two-level variance in the defendant's guideline range pursuant to § 5H1.4 (Physical Condition/Impairment). In that situation, the defendant would have a total offense level of 11 and a guideline imprisonment range of 18 to 24 months' custody. Furthermore, if the Court does not accept any adjustments or variances consistent with proposed changes to the Drug Quantity Table and § 5H1.4 of the Guidelines, the government, consistent with the defendant having a total offense level of 14, recommends that Defendant Marshall receive 30 months' custody (with credit for time served) and 100 hours of community service to be completed during three years of supervised release. If the Court only accepts an adjustment or variance consistent with § 5H1.4 of the Guidelines, the government recommends that Defendant Marshall, who would then have a total offense level of 13 and a guideline range of 24 to 30 months' custody, receive 27 months' custody (with credit for time served) and 100 hours of community service to be completed during three years of supervised release. In each instance, the government assumes that the defendant will receive a three-level adjustment or reduction for role in the offense (§ 3B1.2).

[3] The government's recommendation complies with 18 U.S.C. § 3553(a), which outlines the factors to be considered when imposing a sentence. Some of these factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training.

2012 Maryland convictions for Exploitation of a Vulnerable Adult and Acting as a Contractor without a License, as well as 2006 Virginia convictions for Possession of a Controlled Substance and Possession of Drug Paraphernalia.[4]  As such, the recommended sentence should justly punish the defendant consistent with his criminal history and his conspiratorial involvement in this instance with at least 50 grams of heroin.  S*ee United States v. Kirk*, 528 F.3d 1102, 1113 (8th Cir. 2008) (noting that "drug trafficking is a dangerous business"); *United States v. Smith*, 914 F.2d 565, 567 (4th Cir. 1990) (stating that drug dealing is a dangerous and often violent enterprise).  Second, the recommended sentence should adequately deter future criminal conduct, both with respect to Defendant Marshall as well as others who might consider engaging in the same or similar drug-related behavior.  Third, the recommended sentence should satisfy the public's interest in protecting society from Defendant Marshall's illegal drug redistribution and criminal behavior.  Fourth, Defendant Marshall, being a man 39 years in age, should now be, or soon become, aware that his future is more important than involving himself with the illegal drug trade, potentially removing himself from society, and causing loss of life and benefits to himself and others closely associated with him.  Fifth and finally, the recommended sentence is appropriate because the defendant, by pleading guilty, accepted responsibility for his criminal conduct and saved the Court and the Government valuable resources from having to proceed to trial.  Accordingly, the Government, depending upon the Court's ultimate findings concerning how any variance related to proposed changes to the Drug Quantity Table and § 5H1.4 (Physical Condition/Impairment) of the Guidelines might affect the defendant's guideline range,

---

[4] Defendant Marshall's prior criminal record demonstrates that he has at times had very little regard for the law; that he certainly is no stranger to the criminal justice system and the illegal drug trade; that his willingness to break the law has been long-standing and somewhat continuous; and that the defendant, at least up until this point, has not been particularly receptive to other judge's admonitions that he not engage in further criminal behavior.

recommends the above-noted sentence for Defendant Marshall.[5] Pursuant to paragraph four of the plea agreement, the government also feels that these two instances can only form the basis for any variance requested by the parties.

**WHEREFORE**, for the above-noted reasons, the United States respectfully requests the recommended sentences herein for Defendant Marshall.

                        Respectfully submitted,

                        RONALD C. MACHEN JR.
                        UNITED STATES ATTORNEY
                        D.C. BAR No. 447889

By:    **S/   *Kenneth F. Whitted***
        KENNETH F. WHITTED
        ASSISTANT U.S. ATTORNEY
        D.C. BAR No. 430346
        555 4th STREET, N.W., Suite 4820
        WASHINGTON, D.C. 20530
        (202) 252-7722
        Kenneth.Whitted@usdoj.gov

---

[5] The government also feels, and certainly does not oppose, that the defendant receive substance abuse treatment through the prison system while in custody and during supervised release thereafter.